IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW RIGGLE,<br><br>             Plaintiff,<br><br>vs.<br><br>MEGA SAVER, et al.,<br><br>             Defendants. | 8:15-CV-411<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the defendants' motion for summary judgment (filing 23). That motion will be granted.

BACKGROUND

The plaintiff, Andrew Riggle, alleges that he is a qualified individual with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (ADA). Filing 1 at 1. The defendants (collectively, Mega Saver) operate a convenience store in South Omaha. Filing 25 at 1.[1]

Riggle alleged that Mega Saver was violating the ADA with respect to accessible parking spaces. Filing 1 at 3. Specifically, Riggle alleged that Mega Saver was violating the ADA Accessibility Guidelines for van accessible parking, regular disabled parking, van accessible aisles, and signage. Filing 1 at 3. He prayed for injunctive relief directing Mega Saver to make its facilities accessible. Filing 1 at 4-5.

Mega Saver, however, has presented evidence that it is in compliance with the ADA. *See* filing 24. Specifically, that evidence shows that Mega Saver has a parking lot with less than 10 spaces, and its lot contains a parking space 96 inches wide next to an access aisle that is also 96 inches wide, directly adjacent to the building entrance, marked with a handicap symbol and a "van accessible" sign mounted 60 inches above the ground that

---

[1] Pursuant to NECivR 56.1, a party moving for summary judgment must include in its brief a statement of material facts about which the movant contends there is no dispute, and the party opposing summary judgment must include in its brief a concise response to that statement of facts, noting any disagreement. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1). Because Riggle did not controvert any of Mega Saver's statement of material facts, *see* filing 28, Mega Saver's statement of undisputed material facts is admitted.

is visible from the parking space. Filing 25 at 2. Mega Saver contends that those facts establish ADA compliance and, accordingly, asks for judgment as a matter of law. Filing 23.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## DISCUSSION

Mega Saver contends that because it is now in compliance with the ADA, and because the only relief sought by Riggle is prospective injunctive relief, Riggle's complaint should be dismissed as moot.[2] Filing 25 at 5-6.

---

[2] Mega Saver also questions whether Riggle has sufficiently alleged standing. Filing 25 at 3-5. The Court does not consider this issue. The Court recognizes that standing is a jurisdictional prerequisite that should be resolved before reaching the merits of a suit. *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007). But Article III mootness has been characterized as "the doctrine of standing set in a time frame[,]" *Doe v. LaFleur*, 179 F.3d 613, 615 (8th Cir. 1999), and is also jurisdictional, *Ali v. Cangemi*, 419 F.3d 722, 723-24 (8th Cir. 2005).

Riggle has presented no evidence to the contrary. Instead, Riggle simply points back to the allegations in his complaint, and claims that summary judgment should be denied because Riggle alleged an injury and stated a prima facie case. Filing 28 at 2-4. But that is not how summary judgment works: a party opposing summary judgment "may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial, and must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Ingrassia v. Schafer*, 825 F.3d 891, 896 (8th Cir. 2016) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986)) (quotations omitted); *see Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158-60 (1970).

Riggle also contends, however, that Mega Saver's motion was not properly supported: he argues that the affidavit used to support Mega Saver's motion is insufficient because there is "no evidence that [the affiant] is an expert in ADA requirements." Filing 28 at 4. But no such evidence is required. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). But the question presented is whether the features of Mega Saver's parking lot meet the requirements of the ADA. The requirements of federal law are a question for the Court, and the affiant—the store manager—is plainly competent to testify to the features of the parking lot. *See* filing 24-1.

Pursuant to the ADA and its implementing regulations, a parking lot with 10 spaces must have 1 accessible space with an access aisle. 36 C.F.R. Pt. 1191, App. D § 502; *see* 36 C.F.R. Pt. 1191, App. B § 208.2. Every 6 spaces must be van-accessible. § 208.2.4. An accessible space must be at least 96 inches wide, and the access aisle must be at least 60 inches wide. §§ 502.2 and 502.3.1. A van-accessible space must be 132 inches wide, except that a van-accessible space may be 96 inches wide if the adjacent access aisle is at least 96 inches wide. § 502.2. There must be an adjoining accessible route to the building entrance. § 502.3. And the parking space must be designated by the symbol of accessibility and an additional sign for van-accessibility. § 502.6. Mega Saver's affidavit, and the photographs of the location provided by Mega Saver, establish compliance with these requirements.

Riggle does not contradict any of the factual representations in the affidavit, nor does he identify (much less present evidence of) any specific

way in which the Mega Saver parking lot remains deficient. *See* filing 28. His claim is moot, and this case must be dismissed.[3]

Riggle also filed an "objection" opposing summary judgment. Filing 27. But the basis for the "objection" was merely his contention that a genuine issue of material fact remains. Filing 27. And in this Court, "[t]he party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A). Accordingly, Riggle's objection will be stricken.

IT IS ORDERED:

1. Mega Saver's motion for summary judgment (filing 23) is granted.

2. Riggle's objection (filing 27) is stricken.

3. This case is dismissed.

4. A separate judgment will be entered.

Dated this 8th day of December, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[3] Riggle also sought attorney fees, which may be awarded to a prevailing party in an ADA case. 42 U.S.C. § 12205. The record is less than clear on when Mega Saver's parking lot was brought into ADA compliance, or what prompted any changes. *See* filing 24-1. But a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change to make the plaintiff a "prevailing party" for these purposes. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001). Without a judgment on the merits or a consent decree to create an "alteration in the legal relationship of the parties," an award of attorney fees is unauthorized. *Id.*